11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Stephen
Paul Patel

Appellant

Vs.                   No. 11-04-00165-CR -- Appeal from Eastland County

State
of Texas

Appellee

 

Stephen Paul Patel appeals his conviction by a
jury of the offense of aggravated sexual assault.  The jury assessed his punishment at eight
years in the Texas Department of Criminal Justice, Institutional Division.  He contends in a single issue that the evidence
is legally and factually insufficient to support his conviction.  We affirm.

In a legal sufficiency review, we view all of the
evidence in the light most favorable to the verdict and then determine whether
a rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307 (1979).  In a
factual sufficiency review, we view all of the evidence in a neutral light, and
we will set the verdict aside only if the evidence is so weak that the verdict
is clearly wrong and manifestly unjust or if the contrary evidence is so strong
that the standard of proof beyond a reasonable doubt could not have been met. Zuniga
v. State, 144 S.W.3d 477 (Tex.Cr.App.2004).

The complainant testified that, while he was in
jail following his conviction of the offense of possession of child
pornography, he started having problems with Dustin Keith and Patel after first
Keith and then Patel were placed in his cell. 
He indicated that Keith began by grabbing the back of his head and
ramming it into a brick wall.  He said
that Patel was very close when that happened but that he did not remember
exactly where he was.  After that, they
would walk around the cell and slap him every time they would pass.  He specifically mentioned that Patel punched
him in the gut and then hit him in the side of the head.  He stated that the whole ordeal lasted a day
and a half.








The complainant testified that they made him do
squats and sit on the wall.  He said that
Patel would count how long he would have to do this and that he would count Aextremely slow.@  He related that, if he could not stay in the
desired position, Patel would kick him. 
He stated that they would make him do push-ups, with Patel kicking him
when he fell while attempting them. According to the complainant, Patel told
him that, if he ever reported it, he would come to his house and fight him
again and that then he would either fight back or be six feet under.

The complainant testified that either Keith or
Patel, he could not remember which, told him to stick his thumb up his
rectum.  According to the complainant,
they said, ADo it.@ 
He said that, after more exercising and kicks to the chest, one of them
handed him a pencil and told him to stick it up his rectum.  He stated that during this ordeal Keith and
Patel were Apretty
much always together.@  He related that after a couple of minutes one
of them told him to take it out, stick it in his mouth, and lick the feces
off.  The complainant said that, after he
did it, they told him to do it again.

The complainant testified that, after more
physical abuse that day and the next, either Keith or Patel told him to stick
his toothbrush holder up his rectum.  He
insisted that, when he was told what to do, Keith and Patel were working in Aconcert together.@ 
He said that, after he put the toothbrush holder up his rectum, Keith
told him to sit on it and bounce up and down. 
He stated that, after five to ten minutes, he thought it was Keith who
told him to take it out.  He testified, AAnd they told me to put it in my mouth
and lick the feces off of it.@


Nathan Daniels testified that he was present when
Keith and Patel Awent off
on@ the complainant one day.  He said that they took him in the corner and Abeat the fool@
out of him.  He stated that they both
participated in the beating.  He insisted
that Patel helped beat the complainant but that Keith instigated it.  When asked to describe what he saw Keith and
Patel do, Daniels indicated:

Off-the-wall
stuff, stick his head in the toilet, make him drink the toilet water.  Plus Dustin Keith urinated in a cup and made
him drink it....They made him sit down, put a toothbrush holder up in his anal
cavity, made him sit down and bounce up and down.

 








According to Daniels, it was Keith, not Patel, who kicked the
complainant while he was trying to do push-ups. 
He insisted that, for the most part, it was Keith, not Patel, who was Adoing most of the torment@ to the complainant.  He said that he guessed that on some days
they would come over there and make the complainant do things but that it was
Keith that would egg it on and push the issue. 
When asked whether he had seen Keith order the complainant to do any
other Asexual
abuse type act,@ Daniels
said, AWell,
they made him a few times take a pencil, put it up in his tail and then get on
his hands and knees like an animal or hog, and push a rag across the floor with
his nose that  they used to wipe the
urinal with.@  He stated that, when the complainant was
ordered to put the toothbrush holder in his anus, he was ordered to sit up and
down on the seat at the table and jump up and down.  He related that, while this was happening,
Keith was asking, AIs it in
there?   I just want to make sure.@ 
Daniels said that he told them to stop when Keith told the complainant
to take the toothbrush holder out and put it in his mouth.  He said that they stopped for a few days.

David Hullum testified that he was the Texas
Ranger who investigated the allegations of child pornography against the
complainant.  He said that, when he spoke
with him concerning the incident in question, the complainant was Ashaking like a leaf.@ 
He related that the complainant told him he was afraid of Patel.

The evidence shows that, over an extended period,
Patel and Dustin Keith assaulted the complainant and made threats of
retaliation in the event he reported it and that the assault included making
him put a pencil and a toothbrush holder in his anus.  We hold that a reasonable jury could have
found from this evidence that Keith intentionally or knowingly caused the
penetration of the complainant=s
anus with a pencil and a toothbrush holder; that Patel, by acts or words
occurring in the complainant=s
presence, threatened to cause or place the complainant in fear that serious
bodily injury would be imminently inflicted on him; and that, acting with
intent to promote or assist the commission of the offense, he aided Keith to
commit the offense, by his own actions and conduct during the offense.








Patel seeks to separate the beatings from the
sexual assault, asserting that there was no testimony establishing that Patel
aided Keith in any way in committing the portion of the assault relating to
requiring the complainant to put a pencil and a toothbrush holder in his
anus.  This assertion overlooks the
testimony of the complainant that the beating occurred both before and after
the sexual assaults and that, when he was told what to do, Keith and Patel were
working in concert together.  It also
ignores Daniels=s
testimony that A[t]hey
made him sit down, put a toothbrush holder up in his anal cavity, made him sit
down and bounce up and down,@
and that A[t]hey
made him a few times take a pencil, put it up in his tail and then get on his
hands and knees like an animal or hog.@
While Daniels sought to place most of the blame on Keith, he acknowledged that,
on some days, both men would come over and make the complainant do things.  We overrule Patel=s
sole issue on appeal.

The judgment is affirmed.

 

PER CURIAM

 

August 18, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of: Wright, J., and

McCall,
J., and Hill, J.[1]











[1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth sitting by assignment.